# UNITED STATES COURT OF INTERNATIONAL TRADE
## BEFORE: THE HONORABLE STEPHEN ALEXANDER VADEN

| | |
|---|---|
| SEAH STEEL VINA CORPORATION, )<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>UNITED STATES, )<br>)<br>*Defendant*, )<br>)<br>BULL MOOSE TUBE COMPANY; )<br>MARUICHI AMERICAN CORPORATION; )<br>WHEATLAND TUBE COMPANY; UNITED )<br>STEEL, PAPER AND FORESTRY, )<br>RUBBER, MANUFACTURING, ENERGY, )<br>ALLIED INDUSTRIAL AND SERVICE )<br>WORKERS INTERNATIONAL UNION, )<br>AFL-CIO, CLC; NUCOR TUBULAR )<br>PRODUCTS INC., )<br>)<br>*Defendant-Intervenors.* ) | Court No. 23-00256 |
| SEAH STEEL VINA CORPORATION, )<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>UNITED STATES, )<br>)<br>*Defendant*, )<br>)<br>BULL MOOSE TUBE COMPANY; )<br>MARUICHI AMERICAN CORPORATION; )<br>WHEATLAND TUBE COMPANY; UNITED )<br>STEEL, PAPER AND FORESTRY, )<br>RUBBER, MANUFACTURING, ENERGY, )<br>ALLIED INDUSTRIAL AND SERVICE ) | Court No. 23-00257 |

| | |
|---|---|
| WORKERS INTERNATIONAL UNION, AFL-CIO, CLC; NUCOR TUBULAR PRODUCTS INC., | )<br>)<br>)<br>) |
|         *Defendant-Intervenors.* | )<br>)<br>) |

| | | |
|---|---|---|
| SEAH STEEL VINA CORPORATION, | )<br>)<br>) | |
|         *Plaintiff,* | )<br>)<br>) | |
| v. | ) | |
| UNITED STATES, | )<br>)<br>) | Court No. 23-00258 |
|         *Defendant,* | )<br>)<br>) | |
| BULL MOOSE TUBE COMPANY; MARUICHI AMERICAN CORPORATION; WHEATLAND TUBE COMPANY; UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO, CLC; NUCOR TUBULAR PRODUCTS INC., | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
|         *Defendant-Intervenors.* | )<br>)<br>) | |

## MOTION TO CONSOLIDATE

Pursuant to USCIT Rules 7(b) and 42(a), Defendant-Intervenors Bull Moose Tube Company, Maruichi American Corporation, Wheatland Tube Company, the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC, and Nucor Tubular Products Inc. ("Defendant-

2

Intervenors") hereby move to consolidate *SeAH Steel VINA Corporation. v. United States* (Court No. 23-256) with *SeAH Steel VINA Corporation v. United States* (Court No. 23-257) and *SeAH Steel VINA Corporation v. United States* (Court No. 23-258). Defendant United States indicated by email on March 20, 2024 that it opposes this motion. Plaintiff SeAH Steel VINA Corporation ("SeAH VINA") indicated by email on March 20, 2024 that it believes that the three appeals should be consolidated only for the limited purposes of briefing and argument, while the joint appendix in each appeal will be prepared and submitted separately.

As demonstrated below, each of these actions concern common issues of law and fact and involve identical sets of parties. They satisfy the standard for consolidation, and consolidation would promote judicial economy. The Court should therefore grant this motion to consolidate.

USCIT Rule 42(a) provides that "{i}f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Defendant-Intervenors' motion for consolidation is well within this standard, as all three actions involve overlapping factual and legal issues. Further, as USCIT Rule 42(a) recognizes, the touchstone of consolidation is the promotion of judicial economy. *See Vicentin S.A.I.C. v. United States*, 324 F. Supp. 3d 1377, 1380 (CIT 2018) ("Consolidation may be appropriate when it promotes judicial economy or avoids inconsistent results . . . Where consolidation would not result in judicial economy or where dissimilar issues outweigh the common issues, consolidation is inappropriate."). Here, judicial economy would clearly be promoted by consolidating these actions given the nearly identical issues involved in each. In contrast, maintaining SeAH's three

appeals as separate actions would result in wholesale duplication of arguments in briefing, unnecessarily burdening the Court.

On August 4, 2022, the U.S. Department of Commerce ("Commerce") published initiation notices for simultaneous anticircumvention inquiries to determine whether imports of certain circular welded steel pipe ("CWP") from Vietnam were circumventing antidumping duty ("AD") and countervailing duty ("CVD") orders on CWP from Korea, India, China, and Taiwan. *Circular Welded Carbon Quality Steel Pipe From the People's Republic of China*; *Certain Circular Welded Non-Alloy Steel Pipe From the Republic of Korea*; *Certain Welded Carbon Steel Standard Pipes and Tubes From India*; *Certain Circular Welded Carbon Steel Pipes and Tubes From Taiwan*; *Certain Circular Welded Non-Alloy Steel Pipe From Taiwan*; *Light-Walled Rectangular Pipe and Tube From the People's Republic of China*; *Light-Walled Rectangular Pipe and Tube From the Republic of Korea*; *Light-Walled Welded Rectangular Carbon Steel Tubing From Taiwan: Initiation of Circumvention Inquiries on the Antidumping and Countervailing Duty Orders*, 87 Fed. Reg. 47,711 (Dep't Commerce Aug. 4, 2022). The anti-circumvention inquiry on CWP from Taiwan is not at issue here.

Although Commerce's CWP anticircumvention inquiries concerned different countries and their respective orders, and therefore necessarily have separate administrative records, SeAH VINA's three appeals share common issues of fact relating to the shipment of hot-rolled steel from Korea, India, and China to Vietnam and the nature and significance of the processing of that hot-rolled steel into CWP in Vietnam that gave rise to Commerce's finding of circumvention. SeAH VINA's Statement of Facts in each Complaint recount identical facts, alleging simply that Commerce made affirmative determinations that CWP from Vietnam

circumvented AD/CVD orders on CWP from Korea, India, and China. SeAH VINA's factual allegations across the three complaints differ only in the AD/CVD order to which they refer and in certain other immaterial respects. *Compare* Complaint, *SeAH Steel VINA Corporation v. United States*, Court No. 23-256, ECF No. 9, at ¶ 6–12 *with* Complaint, *SeAH Steel VINA Corporation v. United States*, Court No. 23-257, ECF No. 9, at ¶ 6–12; *and* Complaint, *SeAH Steel VINA Corporation v. United States*, Court No. 23-258, ECF No. 9, at ¶ 6–12.

Likewise, SeAH VINA's legal claims are virtually identical in each appeal. SeAH VINA alleges that:

(1) Commerce's determination that it was not bound by its previous determination that SeAH VINA's exports of CWP were products of Vietnam was arbitrary and capricious and unsupported by substantial evidence;

(2) Commerce's decision to impose AD/CVD duties on SeAH VINA's CWP exports where Commerce and the International Trade Commission previously determined that such exports were not dumped and did not injure the U.S. industry was arbitrary and capricious and unsupported by substantial evidence;

(3) Commerce's determination that the production of CWP from imported hot-rolled steel constituted "assembly or completion" was arbitrary and capricious and unsupported by substantial evidence;

(4) Commerce's determination that the process of completing CWP in Vietnam was minor or insignificant and that the value added by such completion from hot-rolled steel was small was arbitrary and capricious and unsupported by substantial evidence; and

    (5) Commerce's failure to account for SeAH VINA's pattern of trade and sourcing and lack of affiliation with any company located in Korea, India, or China that produced hot-rolled steel was arbitrary and capricious and unsupported by substantial evidence.

*Compare* Complaint, *SeAH Steel VINA Corporation v. United States*, Court No. 23-256, ECF No. 9, at ¶ 13–14 *with* Complaint, *SeAH Steel VINA Corporation v. United States*, Court No. 23-257, ECF No. 9, at ¶ 13–14; *and* Complaint, *SeAH Steel VINA Corporation v. United States*, Court No. 23-258, ECF No. 9, at ¶ 13–14. SeAH VINA's legal claims differ in certain immaterial respects. For instance, at claim (2), the Complaint in Court No. 23-257 adds a reference to a previous finding of no countervailable subsidies in addition to no dumping or injury, and at claim (5), each Complaint refers to its respective country. However, the substantive legal issues invoked are identical across the three Complaints.

    Lastly, each action concerns the same parties. Having the same parties submit briefing and arguments in three separate actions in these circumstances would be unreasonable and would undermine judicial economy.

*     *     *

For the foregoing reasons, we respectfully request that the Court grant Defendant-Intervenors' motion to consolidate the above-captioned cases into *SeAH Steel VINA Corporation v. United States*, Consol. Court No. 23-256.

                Respectfully Submitted,

                /s/ Jeffrey D. Gerrish
                Roger B. Schagrin
                Jeffrey D. Gerrish
                Nicholas C. Phillips*
                **SCHAGRIN ASSOCIATES**
                900 Seventh Street, N.W., Suite 500
                Washington, D.C. 20001

                *Counsel to Bull Moose Tube Company, Maruichi American Corporation, Wheatland Tube Company, and the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL CIO, CLC*

                *Only admitted in New York. Practice limited to matters before federal courts and agencies.

                /s/ Robert E. DeFrancesco
                Alan H. Price
                Robert E. DeFrancesco, III
                Jake R. Frischknecht
                Theodore P. Brackemyre
                **WILEY REIN, LLP**
                2050 M Street, N.W.
                Washington, D.C. 20036

                *Counsel to Nucor Tubular Products Inc.*

Date: March 20, 2024

**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: THE HONORABLE STEPHEN ALEXANDER VADEN**

| | |
|---|---|
| SEAH STEEL VINA CORPORATION, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES, ) | Court No. 23-00256 |
| ) | |
| *Defendant,* ) | |
| ) | |
| BULL MOOSE TUBE COMPANY; ) | |
| MARUICHI AMERICAN CORPORATION; ) | |
| WHEATLAND TUBE COMPANY; UNITED ) | |
| STEEL, PAPER AND FORESTRY, ) | |
| RUBBER, MANUFACTURING, ENERGY, ) | |
| ALLIED INDUSTRIAL AND SERVICE ) | |
| WORKERS INTERNATIONAL UNION, ) | |
| AFL-CIO, CLC; NUCOR TUBULAR ) | |
| PRODUCTS INC., ) | |
| ) | |
| *Defendant-Intervenors.* ) | |

| | |
|---|---|
| SEAH STEEL VINA CORPORATION, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES, ) | Court No. 23-00257 |
| ) | |
| *Defendant,* ) | |
| ) | |
| BULL MOOSE TUBE COMPANY; ) | |
| MARUICHI AMERICAN CORPORATION; ) | |
| WHEATLAND TUBE COMPANY; UNITED ) | |
| STEEL, PAPER AND FORESTRY, ) | |
| RUBBER, MANUFACTURING, ENERGY, ) | |

| | |
|---|---|
| ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO, CLC; NUCOR TUBULAR PRODUCTS INC., | ) ) ) ) ) |
| *Defendant-Intervenors.* | ) ) ) |

| | | |
|---|---|---|
| SEAH STEEL VINA CORPORATION, | ) ) ) | |
| *Plaintiff,* | ) ) ) | |
| v. | ) ) ) | |
| UNITED STATES, | ) ) ) | Court No. 23-00258 |
| *Defendant,* | ) ) ) | |
| BULL MOOSE TUBE COMPANY; MARUICHI AMERICAN CORPORATION; WHEATLAND TUBE COMPANY; UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO, CLC; NUCOR TUBULAR PRODUCTS INC., | ) ) ) ) ) ) ) ) ) ) ) | |
| *Defendant-Intervenors.* | ) ) ) | |

## **ORDER**

Upon consideration of the Motion to Consolidate filed by Defendant-Intervenors Bull Moose Tube Company, Maruichi American Corporation, Wheatland Tube Company, the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service

Workers International Union, AFL-CIO, CLC, and Nucor Tubular Products Inc, all other papers and proceedings herein, and upon due deliberation, it is hereby

**ORDERED** that the motion is granted; and it is further

**ORDERED** that *SeAH Steel VINA Corporation. v. United States* (Court No. 23-256), *SeAH Steel VINA Corporation v. United States* (Court No. 23-257), and *SeAH Steel VINA Corporation v. United States* (Court No. 23-258). are hereby consolidated into *SeAH Steel VINA Corporation v. United States*, Consol. Court No. 23-256.

**SO ORDERED.**

_____
Judge Stephen Alexander Vaden
U.S. Court of International Trade

Dated: _____, 2024
         New York, New York