UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE THE HONORABLE MARK A. BARNETT, JUDGE

|  |  |
|---|---|
| SEAH STEEL VINA CORPORATION, ) <br> ) <br> *Plaintiff,* ) <br> ) <br> v. ) <br> ) <br> UNITED STATES, ) <br> ) <br> *Defendant,* ) <br> ) <br> *and* ) <br> ) <br> BULL MOOSE TUBE COMPANY; MARUICHI ) <br> AMERICAN CORPORATION; WHEATLAND TUBE ) <br> COMPANY; THE UNITED STEEL, PAPER AND ) <br> FORESTRY, RUBBER, MANUFACTURING, ) <br> ENERGY, ALLIED INDUSTRIAL AND SERVICE ) <br> WORKERS INTERNATIONAL UNION, AFL-CIO, ) <br> CLC; NUCOR TUBULAR PRODUCTS INC., ) <br> ) <br> *Defendant-Intervenors.* ) <br> ) | Court Nos. 23-256, 23-257 <br> and 23-258 |

JOINT STATUS REPORT AND PROPOSED BRIEFING SCHEDULE ON REMAND

Plaintiff SeAH Steel VINA Corporation ("SeAH VINA") has consulted with all

parties of record to this proceeding, and hereby submits the following Joint Status

Report and Proposed Briefing Schedule on Remand, in accordance with the Court's

December 16, 2025, Order.

I.    *JOINT STATUS REPORT*

All parties have consented to the following responses as provided for in the Court's

December 16, 2025, Order.

1.   *Should the Court Continue to Join Cases 23-256, 23-257, and 23-258 for Hearing and Decision?*

The parties have different views concerning the issue of consolidation.  Plaintiff

believes that case numbers 23-256 and 23-257 should be consolidated for the limited

purposes of briefing and argument on remand to ensure judicial economy because the

core legal issues in these two remands are identical.  Plaintiff also believes that case

number 23-258 should be separate for briefing and argument due to the different position that Commerce took in that proceeding.

The Government believes that this Court should review each remand redetermination individually and consolidation of the three cases, even for the limited purposes of hearing and briefing, is unwarranted because each case involves separate antidumping duty orders, administrative records, and administrative determination results.  Instead, the Government proposes separate briefing and proceedings for each case.  This is because each case involves three separate and distinct factual records pertaining to three different countries.  To the extent that there are similarities among the cases, it would only increase the likelihood of conflation of the three distinct factual records.  Additionally, the issues raised are not purely legal issues but involve consideration of the facts.  Further, if joined, the parties and the Court will have to sift through multiple records to prevent leakage between the different cases.  This would not serve judicial economy.

Defendant-Intervenors concur with the Government on the issue of consolidation.

2.   *Should Separate Joint Appendices for Briefing on Remand be Maintained for Each Appeal?*

All parties agree that separate joint appendices for briefing on remand should be prepared and maintained for each appeal.

II.   *PROPOSED BRIEFING SCHEDULE ON REMAND*

The parties have different views concerning the proposed briefing schedule on remand.

Plaintiff proposes that, for case numbers 23-256 and 23-257, Plaintiff's and Defendant-Intervenors' comments on remand shall be submitted (in one single brief for both case numbers) within 45 days after the Court issues its scheduling order.  Plaintiff proposes that all parties shall file their responsive comments for case numbers 23-256

and 23-257 (in one single brief for both case numbers) within 45 days thereafter. Plaintiff proposes that Plaintiff and Defendant-Intervenors' comments on remand for case number 23-258 shall be submitted within 49 days after the Court issues its scheduling order. Plaintiff proposes that the parties shall file their responsive comments for case number 23-258 within 49 days thereafter.

The Government proposes that, for case numbers 23-256 and 23-257, any comments on remand shall be submitted (in separate briefs for each case number) within 45 days after the Court issues its scheduling order. The Government proposes that all parties shall file their responsive comments for case numbers 23-256 and 23-257 (in separate briefs for each case number) within 45 days thereafter. The Government proposes that any comments on remand for case number 23-258 shall be submitted within 49 days after the Court issues its scheduling order. The Government proposes that all parties shall file their responsive comments for case number 23-258 within 49 days thereafter.

Defendant-Intervenors concur with the Government's proposal regarding the briefing schedule on remand.

The parties agree that the joint appendices shall be filed 14 days after the filing of responsive comments in each case number, in accordance with Rule 56.2(h)(4).  Any motion for oral argument shall be filed within 21 days after the filing of responsive comments in each case number.

Respectfully submitted,

/s/  Jeffrey M. Winton
Jeffrey M. Winton
Vi N. Mai
Amrietha Nellan
Rachel Hauser
WINTON & CHAPMAN PLLC
1100 13th St. NW, Suite 825
Washington, DC 20005
(202) 774-5500

Attorneys for Plaintiff SeAH Steel VINA
Corporation


BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

FRANKLIN E. WHITE, JR.
Assistant Director

/s/   Tate Walker
TATE WALKER
Trial Attorney
Department of Justice
Commercial Litigation Branch
Civil Division
PO Box 480, Ben Franklin Station
Washington, D.C. 20530
Tel: (202) 353-9303

Attorneys for Defendant

/s/   Jeffrey D. Gerrish
Roger B. Schagrin
Jeffrey D. Gerrish
Nicholas Phillips*
SCHAGRIN ASSOCIATES
900 Seventh Street, N.W., Suite 500
Washington, D.C. 20001

Counsel to Bull Moose Tube Company,
Maruichi American Corporation,
Wheatland Tube Company, and the United
Steel, Paper and Forestry, Rubber,
Manufacturing, Energy, Allied Industrial
and Service Workers International Union,
AFL-CIO, CLC

*Only admitted in New York.  Practice
limited to matters before federal courts
and agencies.*

/s/    Alan H. Price
Alan H. Price
WILEY REIN, LLP
2050 M Street, NW.
Washington, DC 20036
Tel: (202) 719-3375
Email: aprice@wiley.law

Counsel for Defendant-Intervenor
Nucor Tubular Products Inc.

Date:  May 11, 2026